IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTURO S. MEDRANO, #1894196,                ) | |
|       Petitioner,                ) | |
| vs.                ) | No. 3:20-CV-0860-B (BH) |
|                ) | |
| LORIE DAVIS, Director,                ) | |
| Texas Department of Criminal                ) | |
| Justice, Correctional Institutions Division,                ) | |
|       Respondent.                ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Arturo S. Medrano (Petitioner), a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction. (*See* doc. 3.)  By *Notice of Deficiency and Order* dated April 15, 2020, Petitioner was notified that his petition had been construed as arising under 28 U.S.C. § 2254, he had not filed his petition on the appropriate form for that type of action, and that he had not either paid the filing fee for a habeas case or submitted an application to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account. (*See* doc. 4.)  The notice specifically advised Petitioner that he must complete and return the enclosed form and must either pay the filing fee or file an IFP motion with the required certificate of trust account within thirty days, and that a failure to do so could result in the dismissal of his case. *Id.*  More than thirty days from the date of the order have passed, but Petitioner has not submitted his petition on the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

appropriate form, paid the filing fee, filed an IFP motion with a certificate of inmate trust account, or filed anything else.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Petitioner failed to comply with the order that he submit his petition on the appropriate form and either pay the filing fee or file an IFP motion with a certificate of inmate trust account as ordered.  Because he failed to comply with the order and has not otherwise responded, this case should be dismissed for failure to prosecute or follow an order of the court.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner submits his petition on the appropriate form and either pays the filing fee or files an IFP motion with a certificate of inmate trust account within the time for objection to this recommendation, or by some other deadline set by the Court.

**SIGNED this 26th day of May, 2020.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE