# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ARTURO S. MEDRANO, #1894196,<br>　　　　Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>　　　　Respondent. | )<br>)<br>)　No. 3:20-CV-0860-B (BH)<br>)<br>)<br>)<br>)<br>)　Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Motion for Certificate of Appealability (COA)*, received on August 4, 2020 (doc. 9). Based on the relevant filings and applicable law, a certificate of appealability should be **DENIED**.

## I. BACKGROUND

Arthur S. Medrano (Petitioner), a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction. (*See* doc. 3.) By *Notice of Deficiency and Order* dated April 15, 2020, he was notified that his petition had been construed as arising under 28 U.S.C. § 2254, that he had not filed his petition on the appropriate form for that type of action, and that he had not either paid the filing fee for a habeas case or submitted an application to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account. (*See* doc. 4.) The notice specifically advised Petitioner that he must complete and return the enclosed form and must either pay the filing fee or file an IFP motion with the required certificate of trust account within thirty days, and that a failure to do so could result in the dismissal of his case. (*See id.*) Petitioner did not submit his petition on the appropriate form,

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

pay the filing fee, file an IFP motion with a certificate of inmate trust account, or file anything else within the thirty days from the date of the order.

By *Findings, Conclusions, and Recommendation* (FCR) dated May 26, 2020, dismissal of Petitioner's habeas action was recommended under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or follow orders of the court, unless Petitioner submitted his petition on the appropriate form and either paid the filing fee or filed an IFP motion with a certificate of inmate trust account within the time for objection to the recommendation. (*See* doc. 5.) Petitioner timely objected to the FCR, but did not submit his petition on the appropriate form, pay the filing fee, or file an IFP motion with a certificate of inmate trust account. (*See* doc. 6.) On June 18, 2020, the FCR was accepted, and the habeas petition was dismissed without prejudice under Rule 41(b). (*See* docs. 7, 8.)

Petitioner filed an appeal with the United States Court of Appeals for the Fifth Circuit and now seeks a certificate of appealability. (*See* doc. 9.)

## II. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), a petitioner must show (1) that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's construed § 2254 petition was dismissed on procedural grounds for failure to file his petition on the correct form and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. Based on the reasons stated in the FCR and OA, Petitioner has not shown he is entitled to a certificate of appealability.

## III. RECOMMENDATION

A certificate of appealability based on the June 18, 2020 judgment in this case should be **DENIED**.

**SIGNED** on this 5th day of August, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE