IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTURO S. MEDRANO, #1894196, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:20-CV-0860-B (BH) |
| | ) | |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions | ) | |
| Division, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the order of the United States Court of Appeals for the Fifth Circuit remanding this case for the district court to determine whether the petitioner's notice of appeal was delivered to prison officials for mailing on or before the last day for filing. (*See* doc. 18.) Based on the relevant filings and applicable law, the notice of appeal should be considered timely filed.

**I.  BACKGROUND**

Arturo S. Medrano (Petitioner), a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction. (*See* doc. 3.) By *Notice of Deficiency and Order* dated April 15, 2020, Petitioner was notified that his petition had been construed as arising under 28 U.S.C. § 2254, he had not filed his petition on the appropriate form for that type of action, and that he had not either paid the filing fee for a habeas case or submitted an application to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account. (*See* doc. 4.) The notice specifically advised Petitioner that he must complete and return the enclosed form and must

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

either pay the filing fee or file an IFP motion with the required certificate of trust account within thirty days, and that a failure to do so could result in the dismissal of his case. *Id.* After he failed to comply with the order, on May 26, 2020, it was recommended that the petition be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or follow an order of the court. (*See* doc. 5.) Petitioner objected to the recommendation, the Court overruled the objections, adopted the recommendation, and entered judgment dismissing the § 2254 petition on June 18, 2020. (*See* docs. 6-8.)

On August 4, 2020, the Fifth Circuit transmitted Petitioner's motion for a certificate of appealability and supporting brief, which he had filed in that court, with instructions to treat the motion as a notice of appeal filed in this court on that date. (*See* docs. 9, 10.) The motion was undated but expressly stated that it was filed within 30 days of the June 18, 2020 judgment. (*See id.*) The certificate of service for the supporting brief stated that it had been deposited with Officer Rankins on July 17, 2020, to be placed in the prison mailbox. (*See* doc. 10 at 23.) The envelope in which his filings were received is postmarked July 27, 2020. (See id. at 24.) The motion was filed in this court as a notice of appeal dated August 4, 2020, Petitioner was subsequently denied a certificate of appealability, and he was granted leave to proceed *in forma pauperis* on appeal. (*See* docs. 9, 12, 15, 17.)

On September 28, 2020, the Fifth Circuit remanded the case for determination of whether Petitioner had deposited his notice of appeal in the prison mail system on or before July 20, 2020, the last day for filing. (*See* doc. 18.) On September 30, 2020, and October 19, 2020, the Court sent Petitioner questionnaires to determine the date he placed his notice of appeal in the prison mail system. (*See* docs. 19, 21.) He filed a verified response to the second questionnaire, received on

2

November 17, 2020, which states that he "actually" gave his notice of appeal to Mrs. Cantin, a law library official, for mailing on July 16, 2020, although it also states that the notice was given to her "on or about July 16, 2020." (*See* doc. 22 at 1, 2.) The response also states that the filing was dated July 17, 2020, that legal mail was delivered to the post office only on Tuesdays and Thursdays, and that law library prison authorities were responsible for mailing legal documents. (*See id.* at 2.)

## II.  NOTICE OF APPEAL

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal by a party in a civil case be filed within thirty days after the entry of the order or judgment being appealed. FED. R. APP. P. 4(a)(1)(A).  A prisoner's *pro se* filing is deemed timely filed if it is deposited in the prison mail system on or before the last day for filing. FED. R. APP. P. 4(C)(1); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  The burden to demonstrate he timely placed the notice of appeal in the prison mail system is on the prisoner. *See Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 370 (5th Cir. 2013) (appellant has the burden of establishing appellate jurisdiction).

Here, the Fifth Circuit's order of remand noted that because the thirtieth day fell on a Saturday, the final day for filing a timely notice of appeal from the June 18, 2020 final judgment was July 20, 2020. (*See* doc. 18.)   Petitioner's undated motion for a certificate of appealability, which was construed as a notice of appeal, was received and filed of record in the Fifth Circuit on August 4, 2020. (*See* doc. 9.)  Petitioner has now responded to a court questionnaire and stated under penalty of perjury that he delivered his notice of appeal to a prison official in the law library, which was responsible for mailing legal mail, on July 16, 2020. (*See* doc. 22.)  This response is not

3

inconsistent with the notice of appeal, which does not specifically state when it was placed in the prison mail system, but states that it was filed within 30 days of the date of judgment, June 18, 2020. (*See id.*) The accompanying brief in support states that it was given to a different prison official for mailing on July 17, 2020, however. (*See* doc. 10.) Based on the verified response, and the fact that both dates are prior to the last day for filing, the Court finds that Petitioner has shown that he placed his notice of appeal in the prison mailing system on or before July 20, 2020.

### III.  RECOMMENDATION

Petitioner's August 4, 2020 notice of appeal was tendered to prison officials for mailing on or before July 20, 2020, the last day for filing, and should be considered timely.

**SIGNED this 18th day of November, 2020.**

                                                                                   _____
                                                                                   IRMA CARRILLO RAMIREZ
                                                                                   UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                   _____
                                                                                   IRMA CARRILLO RAMIREZ
                                                                                   UNITED STATES MAGISTRATE JUDGE